

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NOS. WR-61,939-01 & WR-61,939-02

## IN RE DAVID DOW AND JEFFREY R. NEWBERRY, Respondents

### ON RESPONDENTS' MOTION FOR REHEARING FROM ORDER ON SHOW CAUSE AND CONTEMPT HEARINGS FOR UNTIMELY FILED DOCUMENTS

**ALCALA, J., filed a statement dissenting from the denial of rehearing.**

### DISSENTING STATEMENT

On original consideration of this Court's *sua sponte* motion to hold attorneys David Dow and Jeffrey Newberry in contempt, I was the sole dissenter from this Court's order banning Dow from practicing in this Court for one year. In this Court's order, I specified that, unlike this Court's majority, I would hold Dow in contempt, assess a $1,000 fine ($500 for each of two pleadings), and place him on two years' probation with the sole condition that he abide by this Court's rules. That proposed punishment, which I determined was appropriate given the circumstances, was in compliance with Texas Government Code Section 21.002, which provides that the punishment for criminal contempt is confinement

for no more than six months in jail and a fine not to exceed $500. *See* TEX. GOV'T CODE §
21.002(b). Rather than abide by the Government Code's punishment options for criminal
contempt, this Court's majority instead fashioned an alternative punishment: it banned Dow
from practicing in this Court for a period of one year. Dow has filed a motion for rehearing
challenging this Court's contempt order by asserting that (1) under the Rule of Lenity, he did
not violate the seven-day rule, but even if he did, this Court (2) imposed a punishment that
was disproportionate, excessive, and unnecessarily harsh, and (3) exceeded its authority by
suspending him for one year. I agree, at least in part, with Dow's contentions. Here, Dow's
pleadings, which consisted of a subsequent application for a writ of habeas corpus, a motion
to reconsider the applicant's initial application for a writ of habeas corpus, and two motions
to stay the execution, were all filed by 6:30 p.m. on October 21, 2014. Within two days, this
Court denied relief on those pleadings, and the defendant was executed on schedule on
October 28. I conclude that, under a plain reading of the seven-day rule and applying the
Rule of Lenity, Dow's pleadings were arguably timely filed, and, on that basis, this Court
should entirely withdraw its order of contempt. Alternatively, assuming that Dow violated
the seven-day rule, and assuming that this Court has the inherent authority to ban Dow from
practicing before it, I conclude that the one-year ban is unreasonable and excessive because
Dow filed his pleadings under circumstances that do not demonstrate a flagrant disregard of
this Court's rule and in which this Court had an adequate amount of time to rule on the merits
of those pleadings. I would grant Dow's motion for rehearing and withdraw the contempt

order.

## I. Dow Did Not Violate the Essence of the Seven-Day Rule Under Its Plain Language

Dow contends that his pleadings were timely filed pursuant to the Rule of Lenity. He notes that this Court's Miscellaneous Rule 11-003 requires that pleadings requesting a stay of execution be filed seven days before an execution, and he contends that he filed the documents seven days before the scheduled execution.

This Court's Miscellaneous Rule 11-003 provides,

> Inmates sentenced to death who seek a stay of execution or who wish to file a subsequent writ application or other motion seeking any affirmative relief from, or relating to, a death sentence must exercise reasonable diligence in timely filing such requests. A motion for stay of execution, or any other pleading relating to a death sentence, must be filed in the proper court at least seven days before the date of the scheduled execution date (exclusive of the scheduled execution date). A pleading shall be deemed untimely if it is filed in the proper court fewer than seven days before the scheduled execution date.

Here, Dow's pleadings were filed on October 21, 2014, by 6:30 p.m., and the defendant was executed on schedule on October 28 after 6:00 p.m. Using a period of 24 hours per day as the calculable unit of time, Dow's pleadings were thirty minutes late under the plain language of this rule. Under the plain language of the rule itself, therefore, I would not hold Dow in contempt for filing pleadings only thirty minutes late under circumstances in which this Court still had essentially seven days to consider the pleadings.

This Court's decision to hold Dow in contempt, however, apparently stems from the example following Rule 11-003, which states, "For example, a request for a stay of execution filed at 8:00 a.m. on a Wednesday morning when the execution is scheduled for the following

Wednesday at 6:00 p.m. is untimely." That example changes the seven-day rule into an eight-day rule. Applying the example of Rule 11-003 to this case instead of the rule's plain language, Dow's pleadings should have been filed on October 20 by midnight, and, therefore, were about eighteen and one-half hours late.

Dow argues that the example attached to Rule 11-003 creates ambiguity in what would otherwise be a clear rule. According to Dow, excluding the ambiguous example attached to the rule, his pleadings were timely filed under the plain language of the rule, as it would normally be read under Rule 4.1(a) of the Texas Rules of Appellate Procedure. Rule 4.1(a) states,

> The day of an act, event, or default after which a designated period begins to run is not included when computing a period prescribed or allowed by these rules, by court order, or by statute. The last day of the period is included, but if that day is a Saturday, Sunday, or legal holiday, the period extends to the end of the next day that is not a Saturday, Sunday, or legal holiday.

TEX. R. APP. P. 4.1(a). Dow observes that the method of counting in Rule 4.1(a) is consistent with the way time is computed in the federal courts. *See* FED. R. CIV. P. 6(a)(1). He also asserts that the federal courts have a similar requirement that filings seeking a stay of execution be made at least seven days before an execution, but he asserts that the federal rule operates as it is expressly written and does not contain an ambiguous example similar to the one in Rule 11-003. *See* 5TH CIR. R. 8.10.

I agree with Dow that, because he complied with the plain language of the rule itself in Rule 11-003, this Court has erred by holding him in contempt. I agree with him that the

example provided for Rule 11-003 is inconsistent with the Texas Rules of Appellate Procedure with respect to how attorneys would normally interpret filing-deadline requirements. I further agree that, applying the Rule of Lenity to this case, Dow's pleadings should be determined to have been timely filed. And, to the extent that an attorney from this Court may have orally told Dow that his pleadings were required to be filed by October 20, oral statements by this Court's attorneys cannot alter the plain language of this Court's written rules. Furthermore, to the extent that Dow previously acknowledged the lateness of his filings under the rule's example, that admission should in no way diminish his argument on rehearing, now that he is represented by counsel, that under the Rule of Lenity he did not actually violate the rule.[1]

The Rule of Lenity holds that, in the face of an ambiguous rule, courts should adopt the less harsh or punitive interpretation. *See, e.g. Cuellar v. State*, 70 S.W.3d 815, 821-22 (Tex. Crim. App. 2002) ("[A] person is entitled to be informed of what the law commands or forbids.") (Cochran, J., concurring); *DeLay v. State*, 443 S.W.3d 909, 928 (Tex. Crim. App. 2014) (noting that Rule of Lenity applies to penal provisions outside the Penal Code).

---

[1]In his good-cause statement filed with this Court, Dow stated that "[t]imely filing would have required the state court pleadings to be filed in this Court no later [than] last night (October 20) by midnight." He contended that he filed the pleadings "less than 20 hours after the midnight deadline." Dow's statement reflects his understanding, at the time of filing, that under the rule's example, his filings were late. His statement additionally reflects his understanding that, under the rule's example, the pleadings would have been due by midnight on October 20, as opposed to the Court's closing time of five p.m. Dow's statements suggest that he was attempting to comply with the example in Rule 11-003, but, I conclude, should not be read as a concession that the Rule of Lenity is inapplicable based on the plain language of the rule itself.

Although the procedural rule at issue here is not itself a penal rule, it is operating as one in this instance in that Dow has been held in criminal contempt. I would hold, therefore, that the Rule of Lenity is applicable, and I would consider whether Dow's pleadings were timely under the seven-day rule, as written without the example that created the ambiguity.

Even applying the Rule of Lenity to this case, Dow's pleadings were thirty minutes late, but that tardiness would not warrant holding him in contempt because contempt requires that conduct be flagrant. "The essence of 'contempt' is that the conduct obstructs or tends to obstruct the proper administration of justice." *Ex parte Taylor*, 807 S.W.2d 746, 748 (Tex. Crim. App. 1991). Obstruction includes the "flagrant disregard" of a court order. *Id*. at 750. Here, Dow filed his pleadings seven days prior to the scheduled execution date, on October 21. Two days later, this Court ruled on the matters raised in the pleadings, and the defendant was executed on schedule on October 28. The fact that this Court ruled quickly suggests that the matters presented in Dow's pleadings were not so overly complicated that the delay impacted the defendant's rights or prevented this Court from giving full consideration to those matters. I cannot conclude that the thirty-minute filing delay represents a flagrant disregard for this Court's rules or that Dow's conduct obstructed or tended to obstruct the proper administration of justice in this case.

At the hearing at which this Court held him in contempt, Dow was unrepresented by counsel, other than himself, and he did not argue the Rule of Lenity. Now, based on this argument as presented by substitute counsel in this motion for rehearing, I would hold that

Dow is not in contempt of court because he did not violate the plain language of Rule 11-003.

To prevent future problems with Rule 11-003, this Court should either refer to it as the eight-day rule or remove the example that has caused this ambiguity. In any event, this Court should not hold any attorney in contempt of court for filing a document seven days before a scheduled execution as that period of time would ordinarily be calculated by attorneys under the rules of appellate procedure.

## II. Alternatively, This Court's Punishment is Excessive and Harsh

Dow's motion for rehearing alternatively contends that this Court's order banning him from representing defendants in this Court for one year constitutes an excessive and unnecessarily harsh punishment and interferes with the duty he owes to his clients. I agree. Under this Court's present order, Dow is prohibited from representing defendants in this Court, including those defendants he is already representing, regardless of their desire to have him continue to represent them or their inability to find replacement counsel. And if this Court decides to make exceptions for Dow's representation of certain clients, then this Court's ban is not really a ban at all and effectively serves as no punishment. Applied inconsistently, the ban would not be excessive or harsh but would instead be entirely ineffective. In either case, a ban is an exceptionally bad idea under the facts of this case.

Dow notes that he currently represents at least twelve death-sentenced Texas defendants in their federal habeas proceedings. Having been appointed in federal court to

represent those defendants, Dow argues that, pursuant to federal statute, he is obligated to represent them "throughout every subsequent stage of available judicial proceedings, including . . . all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures[,]"[2] which he contends includes the need for him to return to this Court.

This Court's contempt order required Dow to provide this Court with a list of cases currently pending before this Court or returnable to this Court for which he is the attorney of record, and Dow has not yet provided that list. Presumably, this Court would provide some accommodation for his representation of those clients, although that is not entirely clear to me at this stage, and this Court has not issued any order expressly stating whether Dow would be allowed to represent his clients from federal court in this Court or if those clients would be deprived of his representation in this Court, even over their objection. In any event, this is precisely why this Court erred by assessing a ban as punishment in this case. The ban interferes with the representation of clients who are most in need of counsel—those individuals who have been sentenced to death. The ban also interferes with the speedy resolution of post-conviction litigation so that victims' relatives must wait even longer as the slow appellate wheels of justice grind to a halt. If enforced as it was originally set forth as a ban for a period of one year, then this ban is not good for defendants, relatives of victims, or the public perception of the judiciary. Equally as important, if this Court modifies its one-

---

[2]18 U.S.C. § 3599(e).

year ban to permit Dow to practice in this Court while representing his existing state-court and federal clients, then this Court's punishment essentially becomes a ruse in that the punishment is a ban that isn't a ban. That too diminishes the public perception of the judiciary by setting forth a punishment that becomes swallowed by the exceptions.

Because a ban is unworkable and unadvisable, upon finding Dow in contempt of court, this Court instead should have fined him $1,000 in accordance with the Government Code by fining him $500 for the late filing of the application for a subsequent writ and $500 for the late filing of the motion to reopen the initial writ. *See* TEX. GOV'T CODE § 21.002(b). Furthermore, to ensure that Dow does not violate this Court's rules going forward, this Court should instead have sentenced him to ten days in jail, fully suspended and probated for two years with the sole condition that he not violate this Court's rules during that period of time. This punishment, which is the punishment that I essentially set forth when this Court found Dow in contempt, is appropriate under the circumstances of this case.

Apparently this Court opted for a suspension because Dow has once before been reprimanded for the same type of violation in this Court five years ago.[3] But when he was on probation before he did not violate this Court's rules. Furthermore, in the five-year period

---

[3]In June 2010, this Court determined that Dow had failed to show good cause for the untimely filing of a subsequent application for a writ of habeas corpus and a motion to stay an execution. *In re Dow*, No. WR-57,060-03, 2010 WL 2332420 (Tex. Crim. App. June 9, 2010). In its order issued after a show cause and contempt hearing, this Court stated that it would "take no action" at that time against Dow. *Id.* It further stated, however, that "should Dow again violate [the rule] without good cause, a sanction could result in a suspension from practicing before this Court." *Id.*

since the last show-cause hearing, Dow asserts that he has timely filed pleadings in this Court for five defendants with impending executions. As I discuss above, the violation in the present case stems from pleadings that this Court received seven days before the scheduled execution date and that this Court was easily able to resolve in about two days. Taking into consideration that the infraction here was either not a violation of this Court's rules, or, at most, a slight infraction, combined with Dow's compliance with this Court's rules for a period of five years, these factors indicate that he has largely been complying with this Court's rules with respect to scheduled executions for an extended period of time. And they further constitute compelling evidence that, if he were placed on probation with the condition that he not violate this Court's rules, he would abide by that condition. Furthermore, to the extent that this Court desires to elevate the punishment beyond what Dow received before, it could assess up to a $2,000 total fine based on a $500 fine for each of the four pleadings that he filed. Additionally, this Court could assess punishment at several days in jail, which I would permit him to serve through electronic monitoring, house arrest, or community service as set forth in Articles 42.035 and 42.036 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 42.035, 42.036. A jail sentence and a fine would be most consistent with the type of punishment permitted by the Government Code and would not hinder Dow's representation of defendants or negatively affect the speedy progression of the cases that the victims and their relatives deserve.

This Court's contempt order also carries with it the possibility of a chilling effect on

attorneys who might otherwise be willing to represent capital-murder defendants who are facing execution and are in need of competent counsel. These inmates are usually indigent and rely on attorneys who are willing to represent them pro bono. These attorneys often are not brought into the case until some late stage prior to an execution, and they must review a voluminous record of prior litigation before filing any pleadings. While this Court's rules requiring timely pleadings are necessary to ensure that those pleadings are given proper consideration, this Court should not so stringently enforce the rules so as to discourage pro bono representation of defendants.

### III. This Court's Authority to Punish Dow with a One-Year Ban

Because a court must control the way that proceedings are conducted, I disagree with Dow's assertion that this Court would, in an appropriate case, lack the inherent authority to prohibit an attorney from appearing before it for a one-year period of time or longer as a sanction for contempt. A court has "all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue the writs and orders necessary or proper in aid of its jurisdiction." TEX. GOV'T CODE § 21.001(a). Furthermore, a "court shall require that proceedings be conducted with dignity and in an orderly and expeditious manner and control the proceedings so that justice is done." *See id*. § 21.001(b). If an attorney is unable or unwilling to abide by a court's rules, a court has the inherent power to disallow him from practicing before it.

Here, this Court's Rule 11-003 is important to the proper consideration of pleadings

relating to an impending execution. Federal courts have a similar seven-day rule. The purpose of these rules is to ensure that a defendant has an opportunity to raise any issues pertinent to the propriety of his impending execution while ensuring that judges have an adequate amount of time in which to consider those pleadings. Violations of this rule could harm a defendant by resulting in a judge having an inadequate amount of time to fully consider his pleading, or alternatively, could harm society by resulting in an unmeritorious stay of execution merely because a judge had an inadequate amount of time to consider a pleading. If an attorney were to habitually violate this rule or if he demonstrated a continuing unwillingness to abide by it, then this Court would be left with no choice but to disallow him from practicing before it. But the record here shows the opposite.

Five years ago, Dow was given a warning after violating the rule, and he has since abided by the rule for five years. In the present case, he either did not violate the rule or his violation was de minimis. This Court's authority to issue this punishment should not be conflated with the wisdom of this decision. While I disagree with Dow that this Court lacked authority to issue this sanction, I agree with him that the punishment was ineffective, unwise, excessive, unjust to victims, and chilling to defendants and other attorneys.

## IV. Conclusion

I would hold that, under the Rule of Lenity, the record does not support this Court's order finding Dow in contempt for failing to abide by this Court's seven- or eight-day rule. Alternatively, I would hold that, rather than ban or pseudo-ban Dow from practicing in this

Court for a one-year period, this Court should instead assess a $1,000 to $2,000 fine and impose a sentence of either three days of jail to be served though home confinement or two years' probation with the sole condition that he fully abide by this Court's rules.  Because I strongly disagree with the propriety and effectiveness of this Court's punishment, I must respectfully dissent.

Filed: February 25, 2015

Publish